# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 05/17/2022 03:00:00 PM.
30-2021-01216373-CU-OE-CXC - ROA # 61 - DAVID H. YAMASAKI, Clerk of the Court By Georgina Ramirez, Deputy Clerk.

Michael A. Gould (SBN 151851)
Michael@wageandhourlaw.com
Aarin Zeif (SBN 247088)
Aarin@wageandhourlaw.com
THE GOULD LAW FIRM
A Professional Law Corporation
161 Fashion Lane, Suite 207
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Attorneys for Plaintiffs Richard Alanis, individually, Margaret Towns, individually,
and on behalf of other members of the general public similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

RICHARD ALANIS, individually,
MARGARET TOWNS, individually,
and on behalf of other members of the
general public similarly situated,

Plaintiff,

v.

AUDITONE LLC, and DOES 1
through 25,

Defendants.

CASE NO.: 30-2021-01216373

**FIRST CLASS ACTION COMPLAINT
FOR DAMAGES FOR:**

1. **FAILURE TO PAY OVERTIME
   WAGES DUE (Violation of *Cal.
   Labor Code* §§ 510(a), 1194);**

2. **FAILURE TO PROVIDE ITEMIZED
   STATEMENT TO EMPLOYEE
   (Violation of *Cal. Labor Code* § 226);**

3. **FAILURE TO PAY UPON
   TERMINATION OR QUITTING
   EMPLOYEE (Violation of *Cal. Labor
   Code* §§ 201, 202, 203);**

4. **FAILURE TO PAY MINIMUM
   WAGES (*Cal. Labor Code* §§ 1197 AND
   204);**

5. **UNFAIR BUSINESS PRACTICES
   (Violation of *Cal. Business and
   Professions Code* § 17200 et seq.);** and

6. **CLAIM FOR A CIVIL PENALTY
   (*Cal. Labor Code* §§ 2699 et seq.);**

1

FIRST CLASS ACTION COMPLAINT FOR DAMAGES

|   |   |   |
|---|---|---|
| 1 | ) | |
| 2 | ) | |
| 3 | ) | **7.    VIOLATIONS OF THE FAIR** |
|   | ) | **LABOR STANDARDS ACT** |
| 4 | ) | **(FLSA 29 U.S.C. § 201.** |
| 5 | ) | |
| 6 | ) | **Unlimited Civil** |
|   | ) | **Demand for a Jury Trial** |

## GENERAL ALLEGATIONS

Plaintiff Richard Alanis and Plaintiff Margaret Towns (hereinafter referred to collectively as "Plaintiffs"), individually and on behalf of all other persons similarly situated allege as follows:

1.    Plaintiffs are residents of the State of California.  Plaintiffs performed the work that is the subject of this Complaint in the County of  Orange, State of California.

2.    At all times mentioned in this Complaint Plaintiffs are informed and believe, and thereon allege, that Defendant AuditOne LLC (herein after referred to as "Defendant") is a corporation doing business in the County of Orange, State of California.

3.    Plaintiffs are unaware of the true names and capacities of those Defendants sued as Does 1 through 25.  Plaintiffs will amend this Complaint when those names and capacities become known.  On information and beliefs, each of the Defendants, including Doe Defendants, are the agents, employees, representatives, or co-conspirators of each of the other Defendants, and in engaging in the conduct alleged herein, did so in furtherance of such relationship.

4.    Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

## CLASS ALLEGATIONS

5.    Plaintiffs and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 4, inclusive, as though fully set forth herein.

6.    Plaintiffs are informed and believe, and thereon allege, that they are members of the class they represent. Plaintiff Alanis worked for Defendants as a senior associate/auditor

from October 2008 to March 15, 2021.  Alanis was paid on an hourly basis.  Plaintiff Towns worked for Defendants as a senior associate/auditor from September 2016 to February 2021 Towns was paid on an hourly basis.

7.     Plaintiffs bring this action as a class action pursuant to California *Code of Civil Procedure* § 382.  The classes that Plaintiffs represent is defined as: all current and former hourly paid worker senior associates, associates, auditors, and senior auditors employed by Defendant in the state of California within the applicable statute of limitations.

8.     This action has been brought and may properly be maintained as a class action pursuant to the provisions of the *California Code of Civil Procedure* § 382, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable:

    a.    <u>Numerosity</u>:  The Plaintiff Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While  the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and thereon allege, that there are over 100 current and former hourly paid worker senior associates, associates, auditors, and senior auditors employed by Defendants that failed to receive proper overtime, received improper and false paycheck stubs, failed to receive all wages at discharge, and failed to receive all minimum wages for all hours worked.

    b.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

        i.    Whether Defendants are subject to *California Labor Code* § 1197;

        ii.    Whether Defendants violated *California Labor Code* § 1197;

        iii.    Whether Defendants are subject to *California Labor Code* §§ 510 and 1194;

**FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

iv.   Whether Defendants violated California Labor Code §§ 510 and 1194;

v.    Whether Defendants are subject to *California Labor Code* § 226;

vi.   Whether Defendants violated *California Labor Code* § 226;

vii.  Whether Defendants are subject to *California Labor Code* §§ 201, 202, and 203;

viii. Whether Defendants violated *California Labor Code* §§ 201, 202, and 203;

ix.   Whether Defendants are subject to *California Business and Professions Code* § 17200 et. seq.;

x.    Whether Defendants violated *California Business & Professions Code* § 17200 et. seq.;

xi.   Whether class members and Plaintiffs  previously worked or currently work for Defendants within the applicable statute of limitation;

c.   <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and the members of the class sustained damages arising out of Defendants' common practice of failing to pay overtime wages, failing to pay all wages due at termination, failing to provide proper paycheck stubs, and failing to pay all minimum wages for all hours worked.  Plaintiff  and the class members' claims are based on the same legal theories, particularly *IWC Wage Orders, California Labor Code* §§ 1197, 510, 1194, 201, 202, 203, 226, 218.5, 226.7, 510(a), 512, *Cal. Code of Regulations* § 11040 and *California Business and Professions Code* § 17200 et seq.

d.   <u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the members of the class.  Plaintiffs have no interest that is adverse to the interests of the other class members.

---

**4**

**FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

e.   <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical; class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of the adjudication of such individual litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

f.   <u>Public Policy Consideration</u>: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references. Class actions provide the class members who are not named on the Complaint with a type of anonymity that allows for vindication of their rights.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages
#### (Violation of *Cal. Labor Code* §§ 1194 and 510(a*), Cal. Code of Regulations* § 11040)

9.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 8, inclusive, as though fully set forth herein.

10.   Plaintiffs are informed and believe, and thereon allege that at all times relevant to their employment by Defendants, *California Labor Code* §§ 510(a), 1194, and the *IWC Wage*

*Orders* (*Code of Regulations* § 11040) were in full force and effect and binding upon Defendants. These statutes and wage orders required Defendants to pay to Plaintiffs and class members one-and-one-half times their regular rate of pay for each hour of work performed in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek.

11.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek and were not paid at a rate of one and one-half times their regular rate of pay.

12.    Plaintiffs are informed and believe, and thereon alleges, that Plaintiffs and other similarly situated class members failed to receive the required overtime wage premiums for overtime worked while employed by Defendants in violation of *California Labor Code* §§ 510(a), 1194 and the *IWC Wage Orders*.

13.    As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated class members are entitled to recover unpaid overtime wages in the amount to be proven at trial, prejudgment interest, attorney's fees and costs pursuant to *California Labor Code* § 1194.

## SECOND CAUSE OF ACTION
### Failure to Provide Itemized Statement to Employee
### (Violation of *Cal. Labor Code* § 226)

14.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 13, inclusive, as though set forth fully herein.

15.    Plaintiffs are informed and believe, and thereon allege, that Defendants are required by law to provide a proper itemized statement to Plaintiffs and other class members under *California Labor Code* § 226. Said section require employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

16.    At all times mentioned in this Complaint *California Labor Code* § 226 was in full

force and effect and binding on Defendants.

17.     Notwithstanding the requirements of *California Labor Code* § 226, Defendants provided Plaintiffs and similarly situated class members with improper and false paychecks causing injury in violation of *California Labor Code* § 226.  Plaintiff and Class Members' paycheck stubs failed to include all wages earned due to Defendant's failure to pay Plaintiffs for all hours worked including overtime wages and minimum wages, as alleged herein.

18.     Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members are entitled to penalties for failure to maintain and provide itemized statements of employees pay, a violation of *Labor Code* § 226, in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**Failure to Pay Terminated or Quitting Employee**
**(Violation of *Cal. Labor Code* §§ 201, 202, and 203)**

19.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.     At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on Defendants.  Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

21.     Plaintiffs are informed and believe, and thereon allege, that Defendants refused and/or willfully failed to pay all wages owed to Plaintiffs and class members at the time of discharge, including wages for overtime and minimum wages.

22.     As a result of Defendants' violation of *California Labor Code* §§ 201, 202 and 203, Plaintiffs and similarly situated class members are entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, " the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

### FOURTH CAUSE OF ACTION
**For Failure to Pay Minimum Wages**
**(Violation of *California Labor Code* §§ 204 and 1197)**

23.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though set forth fully herein.

24.     Plaintiffs are informed and believe, and thereon allege, that *California Labor Code* § 204 was in full force and effect and binding on Defendants at all times mentioned herein. Said section requires that employers refrain from wrongfully and willfully withholding wages. Plaintiff is informed and believes, and thereon alleges, that *California Labor Code* § 1197 and the *Industrial Welfare Commission Wage Order*s were in full force and effect and binding on Defendants at all times mentioned herein.  Set sections make it unlawful for an employer to pay an employee less than the minimum wage.

25.     Plaintiffs are required to work without being compensated for all hours worked. Moreover, since Defendants failed to pay Plaintiffs and similarly situated class members minimum wages, Defendants are in violation of *California Labor Code* § 1197 and the *IWC Wage Orders*.

26.     Plaintiffs and similarly situated class members are therefore entitled to recover the unpaid amount of the wages, interest thereon, and reasonable attorney's fees and costs as provided for by law. Plaintiffs are therefore entitled to recover the unpaid amount of the minimum wage, liquidated damages, interest thereon, and reasonable attorneys' fees and costs as provided for by *California Labor Code* §§ 1194 and 1194.2.

## FIFTH CAUSE OF ACTION
**Unfair Business Practices**
**(Violation of *Business and Professions Code* § 17200 et. seq.)**

27.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.     At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* were in full force and effect and binding upon Defendants.  Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to pay overtime premium wages, failing to provide meal and rest periods, and failing to pay all minimum wages owed for work performed for Defendants.

29.     Plaintiffs are informed and believe, and thereon allege, that Defendants engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay premium overtime wages, and failing to pay all wages earned for work performed for Defendants to Plaintiffs and similarly situated class members.

30.     As a direct result of the actions of Defendants as alleged above, Plaintiffs and similarly situated class members are entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**
**Claim for Recovery of Civil Penalty**
**(*California Labor Code* § 2699 et. seq.)**

31.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though set forth fully herein.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendant has, and currently does employ, one or more senior associates, associates, auditors, and senior auditors.

33.     Plaintiff alleges, that *California Labor Code* § 226 requires employers to issue itemized statements containing: gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.  Plaintiff alleges, that *California Labor Code* § 226.3 allows for civil penalties for violations of *California Labor Code* § 226(a).

34.     Plaintiff alleges, that *California Labor Code* §§ 203 and 204 requires that employers refrain from wrongfully and willfully withholding wages after termination of employment.  Plaintiff alleges, that *California Labor Code* § 210 allows for civil penalties for violations of *California Labor Code* § 204.

35.     Plaintiff alleges, that *California Labor Code* § 1174 requires employers to keep accurate payroll records of all hours worked and all proper wages earned by its employees.  Plaintiff alleges, that *California Labor Code* § 1174.5 allows for civil penalties for violations of *California Labor Code* § 1174.

9
**FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

36.     Plaintiff alleges that *California Labor Code* § 1197 requires employers to pay Plaintiff the minimum wages for all hours worked.  Plaintiff alleges that *California Labor Code* 2699 et seq. allows for a recovery of a civil penalty for violations of *California Labor Code* § 1197 and 1197.1.

37.     Plaintiff alleges that *California Labor Code* § 510 states in pertinent part that employers must pay to employees one-and-one-half times their regular rate of pay for each hour of work performed in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek. Said statutes and wage orders further required Defendants to pay to employees two times their regular rate of pay for each hour of work performed in excess of twelve (12) hours per workday. Plaintiff alleges that *California Labor Code* 2699 et seq. allows for a recovery of a civil penalty for violations of *California Labor Code* § 510.

38.     At all times mentioned in this complaint *California Labor Code* §§ 226, 226.3, 204, 203, 210, 1174, 1174.5, 510, 1197, 1197.1, and 2699 *et. seq.* were in full force and effect and binding on Defendants.

39.     Notwithstanding the restrictions of *California Labor Code* § 226, Defendants provided false and improper paychecks as alleged above in violation of *California Labor Code* § 226, therefore entitling Plaintiff and aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* §§ 226 and 226.3. Notwithstanding the restrictions of *California Labor Code* § 1174, Defendants failed to properly record Plaintiff and other employees' wages and hours worked in violation of *California Labor Code* § 1174.5, therefore entitling Plaintiff and other aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* §§ 1174 and 1174.5.  Notwithstanding the restrictions of *California Labor Code* §§ 203, 204 and 210, Defendants refrained from wrongfully and willfully withholding wages after termination of employment, more specifically, minimum wages and Plaintiff and other aggrieved employees are therefore entitled to civil penalties under *California Labor Code* § 2699 et seq. for violations of *California Labor Code* § 203, 204, and 210.  Notwithstanding *California Labor Code* § 1197

and 1197.1, Plaintiff alleges that Defendants failed to pay minimum wages in violation of *California Labor Code* § 1197 and 1197.1.   Notwithstanding *California Labor Code* § 510, Defendants failed to pay overtime to Plaintiff and other employees in violation of *California Labor Code* § 510, therefore entitling Plaintiff and aggrieved employees to recover a civil penalty under *California Labor Code* § 2699 *et. seq.* for violations of *California Labor Code* § and 510.

40.      Plaintiffs have exhausted administrative remedies under *California Labor Code* § 2699.3 by notifying The Labor and Workforce Development Agency and serving Defendant employer with said notification by certified mail.

41      Therefore, Plaintiff brings this claim on behalf of himself and all other current and  former sales representatives for the recovery of civil penalties, as provided by *California Labor Code* § 2699, for Defendant's violation, in an amount according to proof.

## SEVENTH CAUSE OF ACTION
### Violation of The Fair Labor Standards Act
### (32 .S.C. 201 et seq.)

42.      Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 41, inclusive, as though set forth fully herein.

43.      At all relevant times, Plaintiffs were non-exempt employees of Defendants covered by the Title 29 United States Code section 203(e)(1) of the Federal Labor Standards Act ("FLSA") which states that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."

44.      Pursuant to Title 29 United States Code section 207, Plaintiffs were entitled to receive overtime at a rate of 1.5 times their regular rate for any hours worked in excess of 40 hours in a week. During their employment for Defendants, Plaintiffs worked in excess of 40 hours in a week.

45.      Plaintiffs are informed and believe and thereon allege that at all relevant times within the limitations period applicable to this cause of action, Defendants willfully maintained a policy or practice of not paying overtime wages to Plaintiffs for all the overtime hours worked.

46.      As a result of Defendants' willful and unlawful conduct, Plaintiffs have suffered

**FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

damages in an amount, subject to proof, to the extent they were not paid a proper overtime rate for all hours they worked in excess of 40 hours in a week.

47.     Pursuant to Title 29 United States Code sections 207 and 216(b), Plaintiffs are entitled to recover the full amount of unpaid overtime wages, interest thereon, liquidated damages, reasonable attorney's fees and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf, and on behalf of other members of the general public similarly situated, pray for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1.     Judgment against Defendants for all unpaid overtime wage damages owed to Plaintiff and class members according to proof;

2.     Judgment against Defendants for pre-judgment interest, according to proof;

3.     Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

4.     Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff and class members according to proof;

### ON THE SECOND CAUSE OF ACTION

5.     Judgment against Defendants for penalties pursuant to *California Labor Code* § 226;

6.     Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 226 according to proof;

### ON THE THIRD CAUSE OF ACTION

7.     For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

### ON THE FOURTH CAUSE OF ACTION

8.     Judgment against Defendants for all unpaid wage damages owed to Plaintiff and class members according to proof;

9.     Judgment against Defendants for all unpaid minimum wages, according to proof

**FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

10. Judgment against Defendants for pre-judgment interest, according to proof;

11. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff and class members according to proof;

12. Judgment against Defendants for penalties required under *California Labor Code* § 1194.2 in a sum according to proof;

13. Judgment against Defendants for reasonable attorney's fees and costs as provided for by California Labor Code § 1194;

## ON THE FIFTH CAUSE OF ACTION

14. For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action through final judgment;

## ON THE SIXTH CAUSE OF ACTION

15. For all penalties as provided for under *California Labor* Code § 2699;

16. Judgment against Defendants for reasonable attorney's fees under California Labor Code § 2699;

## ON THE SEVENTH CAUSE OF ACTION

17. Judgment against Defendants for all unpaid overtime damages owed to Plaintiffs three years preceding the filing of this action according to proof;

18. Judgment against Defendants for reasonable attorney's fees and costs under the FLSA, including 29 USC § 216(b).

19. Judgment against Defendants for pre-judgment interest.

## ALL CAUSES OF ACTION

20. Judgment against Defendants for reasonable attorney's fees as provided by law;

21. Judgment against Defendants for pre-judgment interest;

22. Judgment against Defendants for costs of suit incurred herein; and

23. Judgment against Defendants for such further relief as the court deems just and proper.

**FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

1    Dated: April 15, 2022

2                                                    Michael A. Gould
                                                     Aarin A. Zeif
3                                                    THE GOULD LAW FIRM
                                                     Attorneys for Plaintiff
4                                                    Richard Alanis, individually, Margaret
                                                     Towns, individually, and on
5                                                    behalf of other members of the general
                                                     public  similarly situated
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE BY MAIL AND EMAIL - 1013a and 2015.5 C.C.P.

I, the undersigned, say: I am and was at all times herein mentioned, a citizen of the United States and employed in the County of Orange, over the age of eighteen years and not a party to the within action or proceeding; that my business address is THE GOULD LAW FIRM, 161 Fashion Lane, Suite 207, Tustin, CA 92780; and that on May 17, 2022 I served the within:

- **FIRST CLASS ACTION COMPLAINT FOR DAMAGES**

*Alanis et al. v. Auditone, LLC*                    *Case: 30-2021-01216373*

in this action or proceeding by depositing a true copy thereof in a sealed envelope with postage fully prepaid, in a mail box regularly maintained by the Government of the United States, at Tustin, California, addressed and to the interested parties in this action as follows:

Michael A. Farbstein
Farbstein & Blackman
411 Borel Ave #425
San Mateo, CA 94402

in this action or proceeding by electronically forwarding a true and correct copy thereof via e-mail to the e-mail address(es) on the date set forth below to the interested parties in this action as follows:

maf@farbstein.com
ehc@farbstein.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 17, 2022 at Tustin, California.

Laura Alvarado

---

**1**
**PROOF OF SERVICE**